IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Berton Siegel,<br><br>    Petitioner,<br><br>vs.<br><br>James McFadden, et al.,<br><br>    Respondents. | No. CIV 05-988 PHX-JAT (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (document # 1)[1]. Respondents have filed a Response to the Petition (document # 11) to which Petitioner has not replied.

**I. Factual and Procedural Background**

On July 1, 1992, Petitioner pleaded guilty in the Arizona Superior Court to three counts of theft in violation of A.R.S. §§ 13-1004 and 1802(A)(12). (document # 1, Exh. O) On July 31, 1992, the trial court[2] imposed three years of probation on each count to be served concurrently. (document # 1, Exh. P) On April 27, 1994, Petitioner's probation was revoked and

---

[1] Several months after filing his § 2254 Petition, Petitioner sought to amend his petition to pursue a petition for writ of error coram nobis. In a separate Order, the undersigned denied that motion because the federal district court lacks jurisdiction to entertain a petition for writ of error coram nobis with respect to a state conviction. See, United States v. Crowell, 374 F.3d 790, 794 (9th Cir. 2004); Tavares v. Massachusetts, 59 F.Supp.2d 152, 154 (D. Mass. 1999).

[2] The Honorable J.D. Howe presided.

1  he was sentenced to 1.5 years imprisonment for a single count[3]. (document # 1, Exh. K) The
2  trial court reinstated Petitioner's probation on the other counts, to date from his original
3  sentencing date. (document # 1, Exh. K)

4  In his pending petition, Petitioner admits that on December 13, 2000, he filed a Petition
5  for Writ of Habeas Corpus challenging the same state court conviction. This Court dismissed
6  that Petition for lack of jurisdiction because Petitioner was no longer in state custody under his
7  state conviction. See, Berton Siegel v. Terry Stewart, 2:00CV2360 PHX-JAT, document # 3
8  at 2. On April 1, 2005, Petitioner filed the pending Petition for Writ of Habeas Corpus
9  challenging his state court convictions. (document # 1) Petitioner concedes that he was not in
10 state custody when he filed the pending petition. (document # 8)

11 **II. Analysis**

12 A district court may only entertain a Petition for Writ of Habeas Corpus from a "person
13 in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254. A federal district court
14 lacks jurisdiction to consider a § 2254 petition unless the petitioner is in custody at the time the
15 petition is filed. See, Resendiz v. Kovensky, 2005 WL 1501495, at * 3 (9th Cir., June 27, 2005).
16 Additionally, "once the sentence imposed for a conviction has completely expired, the collateral
17 consequences of that conviction are not themselves sufficient to render an individual 'in custody'
18 for purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 492 (1989)(an expired
19 conviction can never satisfy the 'in custody' requirement, even if it is used to enhance a
20 subsequent sentence.)

21 Here, Petitioner was not in custody in 2000 when he filed his first Petition for Writ of
22 Habeas Corpus which this Court dismissed for lack of jurisdiction.  Petitioner again is not in
23 custody but has filed a second Petition for Writ of Habeas Corpus challenging the same state
24 court conviction and sentence that was the subject of his 2000 action. Petitioner's probation
25 terms and his term of incarceration expired in 1995. Petitioner was not in custody when he filed
26 the pending § 2254 petition. Accordingly, Petitioner cannot maintain a § 2254 petition.

27

28  [3] The Honorable Judge Pro Tem Rae Chornenky presided.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus (document # 1) be **DISMISSED** for lack of jurisdiction.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of September, 2005.

Lawrence O. Anderson
United States Magistrate Judge